**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**C.M.** *

*Plaintiff*, *

v. * Civil Case No. 1:25-cv-02684-JMC

**ADAMS & ASSOCIATES, INC.** *

*

*Defendant*.

* * * * * * *

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court is Plaintiff's Motion to Extend the Discovery Deadline by forty-five (45) days (the "Motion"). (ECF No. 43). Defendant objects to Plaintiff's request. (ECF No. 47). The issue is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025); (ECF Nos. 43, 47). As set forth immediately below, Plaintiff's Motion shall be DENIED.

## I. RELEVANT BACKGROUND

The instant case arises from Plaintiff's alleged sexual abuse while he was a child residing at Woodstock Job Corps Center, a center for disadvantaged children operated by Adams and Associates in 2003. (ECF No. 4 at 2).[1] Plaintiff was "approximately 16-17 years old" while residing at Woodstock. *Id.*

Defendant removed the instant case to federal court on August 14, 2025. (ECF No. 1). Thereafter, Defendant filed a Motion to Dismiss on October 9, 2025 (ECF No. 22), which the Court denied on December 14, 2025 (ECF No. 29). The Court then issued a proposed scheduling order on December 18, 2025, setting a discovery deadline of April 15, 2026. (ECF No. 31). On December 22, 2025, upon joint request by the parties, the Court extended the scheduling order and

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

set a new discovery deadline of July 14, 2026. (ECF No. 34). Then, on April 30, 2026, the Court granted the parties' second joint motion to extend the scheduling order, and set a new discovery deadline of September 14, 2026. (ECF No. 42).

Plaintiff filed the disputed Motion on September 10, 2026, requesting a forty-five (45) day extension of the discovery deadline. (ECF No. 43). Defendant filed its Opposition on September 24, 2026. (ECF No. 47).

## II. STANDARD OF REVIEW

District courts have broad discretion to manage the timing of discovery. *Ardrey v. United Parcel Serv.,* 798 F.2d 679, 682 (4th Cir.1986). A party must demonstrate good cause to amend the scheduling order under Federal Rule of Civil Procedure 16. Fed. R. Civ. P. 16(b)(4); *DiStefano, Inc. v. Tasty Baking Co.*, Civil Case No. SAG-22-01493, 2024 WL 1329268, at *2 (D. Md. Mar. 28, 2024) ("[A] party must first demonstrate good cause to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment.") (internal quotations omitted). "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (citing *West Virginia Housing Dev. Fund. V. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001)). Indications of a lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *Id.* "To establish good cause, the party seeking to amend the scheduling order must 'show that the deadlines cannot reasonably be met despite the party's diligence'" *Id.* (quoting *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012). Besides diligence, other factors in determining good cause include "the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (quoting *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010)).

## III. ANALYSIS

Plaintiff seeks a forty-five (45) day extension to the discovery deadline to "subpoena the entity and/or individual to gain access to the [Woodstock Job Corps Center] for the site inspection." (ECF No. 43 at 2). Counsel for the Plaintiff asserts that he had "requested a site inspection of the facility previously owned and operated by Defendant" but Defendant no longer possesses or controls the property. *Id*. Counsel for the Plaintiff asserts that he will need to issue a subpoena the entity or individual in possession of the Woodstock Job Corps Center to inspect the property and claims that the requested extension will not prejudice any party or delay the matter because no trial date or mediation deadline has been scheduled. *Id.*

Defendant represents that from the outset, "Plaintiff and Plaintiff's counsel have been aware that the location of the alleged sexual assault is the Woodstock Job Corps Center." (ECF No. 47 at 1). Defendant states that it received Plaintiff's discovery requests on December 22, 2025, and responded on January 21, 2026. *Id.* at 2. Defendant asserts that Plaintiff did not request a Rule 30(b)(6) deposition until July 16, 2026, which "subsequently occurred on August 24, 2026." *Id.* Defendant avers that shortly thereafter, "[o]n September 2, 2026, less than two weeks before the close of Discovery, Plaintiff inquired, for the [first] time, about performing a site inspection on the Woodstock Job Corps Center." *Id.* Defendant states that Plaintiff cannot demonstrate good cause to amend the operative scheduling order, as the parties have been engaged in discovery since December 2025, yet Plaintiff has failed to address a potential site inspection until shortly before the close of discovery despite knowing that Defendant no longer operates the facility. *Id.* at 3.

Good cause exists "when the moving party demonstrates that the scheduling order deadlines cannot be met despite diligent efforts." *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 382 (D. Md. 2014) (citing *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D.

372, 375 (D. Md. 1999)). Based on review of parties' prior filings, the Court cannot find that good cause exists to grant Plaintiff's request to modify the discovery deadline. As detailed *supra*, the parties have worked through discovery since December 2025 and the Court has granted two prior extensions of the discovery deadline. (ECF Nos. 34, 42). That notwithstanding, Counsel for the Plaintiff did not request Defendant's cooperation in scheduling a site inspection until September 2, 2026.

At the outset, Plaintiff fails to provide the Court with any explanation for his lack of diligence in pursuing a site inspection. Plaintiff's claims arise from events alleged to have occurred at the Woodstock Job Corps Center Plaintiff now seeks to inspect,[2] yet Plaintiff's Motion offers no explanation for why an inspection was not pursued earlier, nor does Plaintiff identify any newly discovered information or changed circumstances that prompted the request at this late stage. Instead, Plaintiff filed the instant Motion less than one week before the discovery deadline was to pass and merely cites the fact that the Woodstock Job Corps Center is no longer controlled by Defendant to as good cause sufficient to modify the scheduling order. Additionally, Plaintiff's Motion lacks any explanation of how a site inspection would be probative of the issues in this case. Thus, Plaintiff leaves the Court without any basis to find that he exercised the requisite diligence to justify a modification of the scheduling order.

The Court also rejects Plaintiff's argument that the lack of a trial date defeats a claim of prejudice. A trial date will typically not be set until discovery is complete, a status report is submitted, and dispositive motions, if any, are decided. No scheduling order would be effectively enforced if a party could rely on the lack of a trial date to defeat a finding of prejudice, as a delay in discovery necessarily results in a delay in the assignment of a trial date.

[2] Plaintiff's Complaint, filed on May 31, 2025, expressly stated that the alleged abuse occurred at the Woodstock Job Corps Center in 2003. (ECF No. 4 at 1).

On these facts, Plaintiff has not demonstrated the diligence necessary to support a finding of good cause under Rule 16(b)(4). Plaintiff's belated decision to pursue such discovery, without more, does not warrant modification of the scheduling order.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that the Plaintiff's Motion to Extend the Discovery Deadline Discovery Deadline is DENIED.

/s/

J. Mark Coulson
United States Magistrate Judge
October 13, 2026